Leonard J. McDonald, Jr. (LJM@tblaw.com)
State Bar No. 014228
William M. Fischbach III (WMF@tblaw.com)
State Bar No. 019769

**TB TIFFANY & BOSCO**
P.A.

THIRD FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016–4237
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0103

*Attorneys for Defendants Michael A. Bosco, Jr. and Tiffany & Bosco, P.A.*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>Raymond Dumont and Kathleen Dumont<br>Debtors<br><br>Raymond Dumont and Kathleen Dumont, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>HSBC Mortgage Corporation USA, Federal National Mortgage Association, Lender Processing Services, Inc., Michael A. Bosco, Trustee, its Assigns and/or successors in interest, John Does I-IX, Jane Does I-IX, Black Corporation I-IX, and BLACK Partnerships I-IX,<br><br>Defendants. | Chap. 7 Case No 2:10-bk-29498-RJH<br><br>Adv. Proc. Case No. 2:10-ap-02323-RJH<br><br>**MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**AND**<br><br>**REQUEST FOR COSTS AND ATTORNEY'S FEES UNDER ARIZONA REVISED STATUTES §§ 33-807(E) AND 12-349(A)(1)**<br><br>(Hon. Randolph J. Haines presiding)<br><br>**(Oral Argument Requested)** |

Defendants Michael A. Bosco, Jr. ("Bosco") and Tiffany & Bosco, P.A. ("T&B") (collectively, "the Bosco Defendants"), by and through undersigned counsel, respectfully move this Court to dismiss Plaintiffs' First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012.

## MEMORANDUM OF POINTS AND AUTHORITIES

The FAC is yet another attempt at frivolous foreclosure avoidance litigation by Plaintiffs and their counsel. Five months ago, the Arizona District Court dismissed a similar lawsuit brought by Plaintiffs and their counsel against Bosco and co-defendant

-1-

HSBC Mortgage Corporation, USA ("HSBC"). *See Dumont v. HSBC Mortg. Corp., USA*, 10-CV-01106-PHX-MHM, 2010 WL 3023885 at *7-8 (D. Ariz. Aug. 2, 2010) (dismissing case under Rule 12(b)(6)) ("the Previous Lawsuit"). The court in the Previous Lawsuit also granted Bosco's request for costs and attorney's fees. *Id.* Although Plaintiffs have repackaged their claims and expanded the cast of defendants, Plaintiffs' purpose remains the same: to avoid their financial obligations under their residential mortgage loan. Plaintiffs' repeat attempt to foil the nonjudicial foreclosure process through legal sophistry fails for five independent reasons: (1) Plaintiffs lack standing; (2) the FAC fails to comply with federal pleading standards; (3) Plaintiffs' claims are barred by Arizona Revised Statute § 33-807(E); (4) Plaintiffs' claims are barred by *res judicata*; and (5) Plaintiffs' claims fail substantively.

## I. FACTUAL BACKGROUND.

On or about May 30, 2007, Plaintiffs borrowed $412,500.00 ("the Loan") from HSBC ("the Lender") to refinance the residence located at 8011 North Citrus Road, Waddell, Arizona 85355 ("the Property"). FAC at ¶¶ 11, 12; *see also* Promissory Note, attached as **Exhibit A;** Deed of Trust, attached as **Exhibit B**. Plaintiffs executed a promissory note ("the Note") in exchange for the Loan. Ex. A. at pg. 2, ¶ (F). The Loan was secured by a Deed of Trust executed by Plaintiffs. *Id.* at pg. 14. HSBC recorded the Deed of Trust with the Maricopa County Recorder as document no. 20100173931. *Id.*

The Deed of Trust identified Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, but solely as nominee for HSBC and its successors and assigns. *Id.* at pg. 2, ¶ (E). In the Deed of Trust, Plaintiffs agreed to the following:

> MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action

> required of Lender including, but not limited to, releasing and canceling this Security Instrument.[1]

*Id.* at pg. 3. Plaintiffs also agreed that "the Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." *Id.* at pgs. 11-12, ¶ 20 (parenthetical in original). Plaintiffs also consented to HSBC's power of sale in the event of their default. Ex. A at pg. 3, pg. 13, ¶ 22.

Plaintiffs subsequently defaulted on the Loan and a nonjudicial foreclosure ensued. MERS executed a Corporation Assignment of Deed of Trust stating that MERS had assigned its beneficial interest under the Deed of Trust to HSBC. *See* Corporation Assignment of Deed of Trust ("the Assignment"), attached as **Exhibit C**. The effective date of the Assignment was January 21, 2010. *Id.* Kevin Elliot, in his capacity as vice president of MERS, acknowledged the Assignment before a notary. *Id.* The Assignment was recorded with the Maricopa County Recorder as document no. 20100173931. *Id.*

On January 27, 2010, HSBC executed a substitution of trustee ("the Substitution of Trustee") appointing Bosco as substitute trustee. *See* Substitution of Trustee, attached as **Exhibit D**. Kevin Elliot, in his capacity as vice president of HSBC, acknowledged the Substitution of Trustee before a notary. *Id.* The Substitution of Trustee was recorded with the Maricopa County Recorder as document no. 20100092303. *Id.*

On February 23, 2010, Bosco, in his capacity as substitute trustee, issued a notice of trustee's sale ("the Notice of Trustee's Sale"). *See* Notice of Trustee's Sale, attached as **Exhibit E**. The Notice of Trustee's Sale was recorded with the Maricopa County Recorder as document no. 20100092304.

---

[1] Given the copiousness of MERS-related litigation in Arizona, the Court is likely familiar with MERS' role and function. For a succinct description of MERS' role in residential mortgages, *see Cervantes v. Countrywide Home Loans*, Inc., CV 09-517-PHX-JAT 2009 WL 3157160 at *10 (D. Ariz. Sept. 24, 2009).

Bosco conveyed the Property to co-defendant Federal National Mortgage Corporation ("Fannie Mae") at a trustee's sale held on August 4, 2010, two days after the dismissal of the Previous Lawsuit. *See* Trustee's Deed upon Sale, attached as **Exhibit F**.

Plaintiffs filed for chapter 7 bankruptcy on September 14, 2010. FAC at ¶ 1.

## II. FEDERAL PLEADING STANDARDS.[2]

### A. Rules 8 and 10.

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Similarly, Rule 10 requires a "party [to] state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "All that's required to state a claim in a complaint filed in a federal court is a short statement, in plain (that is, ordinary, nonlegalistic) English, of the legal claim." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999).

### B. Rule 12(b)(6).[3]

Under Federal Rule of Civil Procedure 12(b)(6), "[a] court may dismiss a complaint as a matter of law for '(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim.'" *SmileCare Dental Group v. Delta Dental Plan of*

---

[2] Federal Rules of Civil Procedure 8, 10, and 12 apply to adversarial proceedings. Fed. R. Bank. P. 7008, 7010, 7012.

[3] This Court may consider the Note, Deed of Trust, Assignment, Substitution of Trustee, Notice of Trustee's Sale, and Trustee's Deed upon Sale without converting this motion into one for summary judgment. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

*California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)).

Generally, a court must assume the truth of all well pled facts in the complaint, even if those "facts" strain credulity. *Twombly*, 550 U.S. at 555 (holding that a court ruling on a Rule 12(b)(6) motion must operate under the "assumption that the allegations in the complaint are true (even if doubtful in fact)"). However, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," nor is it required to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (internal citations omitted).

To survive a motion to dismiss, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" are not enough to plead a cause of action. *Id.* Although "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (emphasis added). "Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility does not equal 'probability,' but plausibility requires more than a sheer possibility that a defendant has acted unlawfully." *Ciardi v. Lending Co., Inc.*, CV-10-0275-PHX-JAT, 2010 WL 2079735 at *1 (D. Ariz. May 24, 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) and *Twombly*, 550 U.S. at 557) (internal citations omitted). "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]" cannot withstand a motion to dismiss. *Ciardi*, 2010 WL 2079735 at *1 (quoting *Iqbal*, 129 S.Ct. at 1949).

//

## III. LEGAL ANALYSIS.

### A. Plaintiffs' lack standing to bring their claims.

"Standing is the threshold issue of any federal action, a matter of jurisdiction because 'the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III.'" *Local Nos. 175 & 505 Pension Trust v. Anchor Cap.*, 498 F.3d 920, 923 (9th Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Here, Plaintiffs' claims arise from a trustee's sale that occurred prior to Plaintiffs' bankruptcy filing. All four claims are therefore property of Plaintiffs' bankruptcy estate. The chapter 7 trustee alone has standing to pursue these claims. *Estate of Thelma v. Spirtos*, 443 F.3d 1172, 1176 (9th Cir. 2006); *Moneymaker v. CoBen*, 31 F.3d 1147, 1451 n.2 (9th Cir. 1994). Because Plaintiffs lack standing to pursue their claims, this Court must dismiss those claims with prejudice.

### B. Plaintiffs' FAC must be dismissed because it fails to comply with federal pleadings standards.

The Previous Lawsuit was dismissed under Rule 12(b)(6) for its failure to meet federal pleading standards. *Dumont*, WL 3023885 at *3-8. Judging by Plaintiffs' FAC in this proceeding, their deficient pleading practices have not improved.

The basic structure of the FAC makes it nearly impossible to determine "whom plaintiffs are suing for what wrongs." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). The bulk of the FAC consists of 43 paragraphs of conclusory, "upon-information-and-belief" allegations. These allegations are rife with speculative claims and strained hypotheticals regarding shady conspiracies and "fabricated" loan documentation, but are virtually devoid of any plausible facts. The tail end of the FAC consists of four counts that contain nothing more than curt, "formulaic recitation[s] of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Each of the four counts begins with the prefatory phrase "Plaintiffs incorporate each and every factual allegation set forth above as though

fully set forth herein and as to each of the Defendants as named further alleges and prays for relief as follows." FAC at ¶¶ 44, 47, 53; FAC at pg. 12 lns. 22-24 (unnumbered paragraph). This makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief". *Anderson v. District Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Plaintiffs cannot serve up 43 paragraphs of prolix allegations and then expect defendants to guess which allegations pertain to which count. "A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a 'short and plain statement of the claim' may be dismissed for failure to satisfy Rule 8(a)." *Warren v. Sierra Pac. Mortg. Services Inc.*, CV-10-2095-PHX-NVW, 2010 WL 4716760 at *1 (D. Ariz. Nov. 15, 2010) (quoting Fed. R. Civ. P. 8(a) and citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988)).

Plaintiffs' have failed (for the third time) to give "fair notice" of what Plaintiffs' claims are "and the grounds upon which [each claim] rests." *Twombly*, 550 U.S. at 555 (quoting *Conley* 355 U.S. at 47). This failure alone warrants immediate dismissal.

**B. Arizona Revised Statute § 33-807(E) bars Plaintiffs' claims against the Bosco Defendants in this case.**

Plaintiffs' FAC also fails against the Bosco Defendants under Arizona Revised Statute § 33-807(E):

> The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter[4] or under the deed of trust. Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter. If the trustee is joined as a party in any other action, ***the trustee is entitled to***

---

[4] Chapter 6.1 of Title 33 to the Arizona Revised Statutes, codified at Arizona Revised Statutes §§ 33-801 to 33-821 (hereinafter "the DOT Statutes")

-7-

> ***be immediately dismissed*** and to recover costs and reasonable
> attorney fees from the person joining the trustee.

Ariz. Rev. Stat. § 33-807(E) (emphasis added).

### (1) Section 33-807(E) applies to both Bosco and T&B.

Plaintiffs' claims against T&B derive completely from Bosco's role as substitute trustee. FAC at ¶¶ 5, 19, 25, 33. Accordingly, § 33-807(E) applies to both of the Bosco Defendants. *See, e.g., Puzz v. Chase Home Fin., LLC*, __ F.Supp.2d __, CV-10-1699-PHX-GMS, 2011 WL 395423 at *1 n.2 (D. Ariz. Feb. 4, 2011) (applying § 33-807(E) to Bosco, his son Mark S. Bosco, their spouses, and T&B because the "allegations pertaining to the Bosco Defendants . . . arise from actions taken by Michael A. Bosco as successor trustee on the deed of trust at issue in this case"); *Pryzblyski v. Stumpf*, CV-10-8073-PHX-GMS, 2011 WL 31194 at * 3 (D. Ariz. Jan. 5, 2011) (dismissing Bosco and T&B under § 33-807(E) where allegations pertained to acts taken as trustee).

### (2) Plaintiffs cannot avoid § 33-807(E) by alleging that Bosco was not appointed by the "real" beneficiary.

Bosco and T&B are routinely dismissed from foreclosure avoidance lawsuits under § 33-807(E). *See, e.g., Kane v. Bosco*, CV-10-01787-PHX-JAT, 2010 WL 4879177 at *8 (D. Ariz. Nov. 23, 2010) (dismissing Bosco under 33-807(E)); *Dumont, supra*, 2010 WL 3023885 at *2-3; *Cervantes*, *supra*, 2009 WL 3157160 at *12 (dismissing T&B in its capacity as trustee under § 33-807(E)). Unsurprisingly, Plaintiffs attempt to sidestep § 33-807(E) by alleging that HSBC lacked authority to appoint Bosco as substitute trustee because (according to Plaintiffs) HSBC was not the "real" beneficiary under the Deed of Trust. FAC at ¶¶ 29, 31, 33, 35, 36. The court in the Previous Lawsuit explicitly rejected this "faux beneficiary" argument in the application of § 33-807(E). *Dumont*, *supra*, 2010 WL 3023885 at *2 (applying § 33-807(E) despite plaintiffs' claim that neither HSBC Bank nor MERS had authority to appoint Bosco as substitute trustee). Plaintiffs' "faux beneficiary" argument is largely premised on the

1  "show me the note" argument. FAC at ¶¶ 3, 14-18, 28, 29, 39, 41, 55, 59-61. Since the
2  economic downturn began, the "show me the note" argument has been the hoary war cry
3  of delinquent borrowers throughout Arizona and other states. The Arizona District Court
4  has rejected this argument time after time. *See, e.g., Diessner v. Mortgage Electronic*
5  *Registration Systems, Inc.*, 618 F.Supp.2d 1184, 1187–88 (D. Ariz. 2009), *aff'd*, 2010
6  WL 2464899 (9th Cir. June 17, 2010) ("Arizona's non-judicial foreclosure statute does
7  not require presentation of the original note before commencing foreclosure
8  proceedings."); *Mansour v. Cal-W. Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D.
9  Ariz. 2009) ("[C]ourts have routinely held that Plaintiff's 'show me the note' argument
10 lacks merit."). Neither MERS, HSBC, nor the Bosco Defendants were required to
11 produce the original Note to commence the nonjudicial foreclosure.

12 The plain text of § 33-807(E) precludes a plaintiff from avoiding dismissal at the
13 pleadings stage simply by leveling allegations that the "real" beneficiary did not appoint
14 the substitute trustee. The substitute trustee "is entitled to be ***immediately*** dismissed"
15 under the statute. Ariz. Rev. Stat. § 33-807(E) (emphasis added). That dismissal is not
16 contingent on the substitute trustee proving the legitimacy of his appointment through
17 discovery or a proceeding akin to summary judgment. If it were, the dismissal would not
18 be "immediate" and the third sentence of § 33-807(E) would be meaningless. Arizona's
19 rules of statutory construction do not permit such a result. *Mejak v. Granville*, 212 Ariz.
20 555, 557, 136 P.3d 874, 876 (2006) (holding that statutes shall not be interpreted in a
21 manner that renders them "meaningless, insignificant, or void").

22 Plaintiffs also erroneously conflate the concept of "investor" with "beneficiary."
23 Plaintiffs allege that HSBC cannot be the beneficiary under the Deed of Trust because
24 MERS' website listed Fannie Mae the investor on Plaintiffs' Note. FAC at ¶ 12, 13, 14,
25 23, 25, 26. It is no secret that mortgage loans are packaged into mortgage-backed-
26 securities and sold to investors such as Fannie Mae or the Federal Home Loan Mortgage

Corporation ("FHLMC" or "Freddie Mac"). This does not affect the ability of the beneficiary of record to enforce the underlying security instrument. *See, e.g., Rose v. Fed. Home Loan Mortg. Corp.*, 09-CV-00170, 2010 WL 3779002 at *8 (W.D. Mich. Sept. 21, 2010) ("The fact that FHLMC had an unrecorded investor's interest in the mortgage is irrelevant."). Nor does the "securitization" of a mortgage loan make it unenforceable, particularly when paragraph 20 of the Deed of Trust explicitly authorized the Lender or its successor to sell or transfer the Loan. *Colonial Sav., FA v. Gulino*, CV-09-1635-PHX-GMS, 2010 WL 1996608 at * 4 (D. Ariz. May 19, 2010).

### (3) An assignment of beneficial interest in a deed of trust may state an effective date that predates its execution and recordation.

Plaintiffs also imply that the Assignment is invalid because it stated an effective date that predated its execution and recordation. FAC at ¶ 35. The Assignment was executed by MERS on February 23, 2010 and recorded on March 2, 2010. Ex. C. The Assignment expressly states that its effective date is January 21, 2010. *Id.* It was thus effective when HSBC appointed Bosco as substitute trustee on January 27, 2010. Ex D.

Nothing in Arizona case law or Arizona Revised Statute § 33-818 (governing recorded assignments of beneficial interest in deeds of trust) prohibits a recorded assignment from stating an effective date, even if it predates the execution and recordation of the assignment. Examining California's analogous deed of trust statutes, District Courts in that state have rejected arguments that an assignment cannot state an effective date. *See, e.g., Padayachi v. IndyMac Bank*, 09-CV-05545-JF-PVT, 2010 WL 4367221 at *3 (N.D. Cal. Oct. 28, 2010) ("the date that the assignment was recorded is irrelevant to establish the effective date"); *Marks v. Green Tree Servicing*, 10-CV-03593-SI, 2010 WL 4347943 at *7 (N.D. Cal. Oct. 27, 2010) ("[A] deed of trust can be assigned without being recorded. . . . Allegations about the timing of the recording of the

assignment are insufficient to challenge the validity of the Notice of Default.") (internal citation omitted).

Further, as privately contracting parties, the assignor and assignee of the beneficial interest in a deed of trust may agree upon a date for the assignment to be effective. *See, e.g., Inlandboatmans' Union Of The Pacific v. Dutra Group*, 279 F.3d 1075, 1082 (9th Cir. 2002) (enforcing effective date to resolve gap in series of transactions, and finding that "[t]he effective date clause thus unambiguously removed any real time gap that may have existed."); *Statewide Ins. Corp. v. Dewar*, 143 Ariz. 553, 557, 694 P.2d 1167, 1171 (1984) (enforcing parties' expressly agreed effective date for insurance contract affecting a third party). Thus, MERS and HSBC may agree upon a date for the Assignment to be effective. The trustor's assent is not required. *See* Ex. B at pg. 11, ¶ 20 ("The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower.") (parenthetical in original).

### (4) Kevin Elliot properly acknowledged the Assignment and Substitution of Trustee.

Plaintiffs attempt to undermine Bosco's appointment as substitute trustee by attacking the acknowledgement of the Assignment and Substitution of Trustee. First, Plaintiffs contend that, "[u]pon information and belief," Kevin Elliot "lacked authority" to sign the Assignment "in the capacity as an 'assistant secretary' for MERS, Inc. because he was not employed by MERS, Inc. and/or because he was not an officer of the MERS member on whose behalf the document was signed." FAC at ¶ 19. Plaintiffs allege absolutely no facts to bolster this speculative and disjunctive conclusion. Indeed, it is common in the loan servicing industry for individuals to serve simultaneously as a vice president of MERS and vice president of a lender or loan servicer for the purpose of executing documents for both entities. *See, e.g., Bain v. Metro. Mortg. Group Inc.*, 09-CV-00149-JCC, 2010 WL 891585 at *6 (W.D. Wash. Mar. 11, 2010).

Plaintiffs also allege that Kevin Elliot was a "robo-signer" who "lacked any personal knowledge of any of the representations contained in the [Assignment]." FAC at ¶¶ 19, 33. Plaintiffs' claim that Kevin Elliot is a "robo-signer" is a red herring without any legal consequence. A "robo-signer" is someone who signs large volumes of affidavits in judicial foreclosure proceedings without personal knowledge of the information contained in those affidavits. Robbie Whelan, *Niche Lawyers Spawned Housing Fracas*, Wall St. J., October 21, 2010. Although Arizona law required the Assignment and Substitution of Trustee to be acknowledged before a notary, Arizona law did not require either document to be under oath or based on personal knowledge. Ariz. Rev. Stat. §§ 33-411(A), (B), 33-503, 33-504, 33-505. Even if, *arguendo*, personal knowledge was required, conclusory accusations that someone is a "robo-singer" are insufficient to withstand a motion to dismiss. *Bucy v. Aurora Loan Services*, LLC, 10-CV-01050, 2011 WL 1044045 at *6 (S.D. Ohio Mar. 18, 2011).

### (5) Section 33-807(E) bars Plaintiffs' claims in this case.

Having established that Bosco was properly appointed as substitute trustee, the Bosco Defendants are entitled to immediate dismissal under Arizona Revised Statute § 33-807(E). The Bosco Defendants do not suggest that § 33-807(E) is a blanket form of immunity. However, it does shield the Bosco Defendants from Plaintiffs' claims in this case.

> [T]o receive the protection of A.R.S. § 33-807(E) as to any particular claim, a trustee must establish three elements. First, that the trustee has been named as a defendant in the claim. Second, that the claim relates to the authority of the trustee to act, given to the trustee either by the trust deed or Arizona statutes regulating trust deeds. Third, that the claims do not allege that the trustee breached any of his or her obligations that arise under either the deed of trust or the statutory chapter of the Arizona Revised Statutes that regulates deeds of trust.

-12-

*Puzz, supra*, 2011 WL 395423 at *8. The Bosco Defendants meet the three-part test articulated in *Puzz*.

First, the Bosco Defendants have "been named as defendant[s]." *Id.* Second, Plaintiffs' claims relate to "the authority of [Bosco] to act" as substitute trustee. *Id.* Plaintiffs allege three substantive counts: (1) Unlawful Void Non-Judicial Foreclosure Action by Statute; (2) Wrongful Foreclosure – Tort Action; and (3) Lack of Standing, No Party in Interest. FAC at ¶¶ 44-46, 47-52, 53-56.[5] All three substantive counts seek to void the nonjudicial foreclosure conducted by Bosco.

Third, the Complaint contains no competent allegations that Bosco "breached any of his . . . obligations that arise under either the deed of trust or the statutory chapter of the Arizona Revised Statutes that regulates deeds of trust." *Puzz, supra*, 2011 WL 395423 at *8. Plaintiffs vaguely allege that "[d]efendants failed to strictly comply with the terms of the Deed of Trust the law, statutes and procedures, as required by state and federal law, in proceeding to non-judicially foreclose upon the Plaintiffs' residential real property." This conclusory allegation lacks any plausible factual support, and therefore cannot withstand *Twombly* or *Iqbal*.

Only one paragraph of the Complaint contains a tangible allegation that Bosco breached his duties as substitute trustee. Paragraph 51 of the Complaint ostensibly alleges that the Notice of Trustee's Sale issued by Bosco was facially defective because it

> (a) does not set forth the name of the individual or entity acting as "principal" commissioning [Bosco], acting as "agent", to conduct the planned Trustee's Sale of the subject property, (b) fails to state that, at or before the time of the

---

[5] Plaintiffs' fourth count for Accounting is not a substantive cause of action. Rather, Accounting "is derivative; it must be based on other claims." *County of Santa Clara v. Astra U.S., Inc.*, 428 F. Supp. 2d 1029, 1037 (N.D. Cal. 2006) (quoting *Janis v. Cal State Lottery Comm'n*, 68 Cal. App. 4th 824, 833, 80 Cal. Rptr. 2d 549 (1998)). Because Plaintiffs' substantive claims fail, their Accounting claim fails as well.

-13-

> planned Trustee's Sale, Bosco or his "principal" have in his possession the original of the Promissory Note signed by the Plaintiffs, or an Affidavit signed by a person with knowledge of the facts surrounding the loss of the original Promissory Note as required under A.R.S. Section 47-3309(A), and a precondition to Bosco's right to non-judicially foreclose the Deed of Trust or to enforce the instrument.

FAC. at ¶ 41.

Paragraph 41 has two fatal flaws. First, Plaintiffs are alleging fictional requirements for the form and content of a notice of trustee's sale. Arizona Revised Statute § 33-808(D) governs the form and content of a notice of trustee's sale and the Notice of Trustee's Sale issued by Bosco complies with that statue. Plaintiffs cannot whimsically invent requirements that do not exist in § 33-808(D). Second, paragraph 41 is simply another permutation of the hackneyed "show me the note" argument.

Thus, Plaintiffs have failed to make any plausible allegation that Bosco "breached any of his . . . obligations that arise under either the deed of trust or the statutory chapter of the Arizona Revised Statutes that regulates deeds of trust." *Puzz, supra*, 2011 WL 395423 at *8. Accordingly, § 33-807(E) applies and mandates the immediate dismissal of the Bosco Defendants.

**C.** ***Res judicata*** **bars Plaintiffs' claims.**

When a prior lawsuit "(1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies," then the doctrine of *res judicata* prevents the re-litigation of those same claims a second time. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 989 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Normandeau v. City of Phoenix*, 516 F. Supp. 2d 1054, 1069 (D. Ariz. 2005) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001)).

"New claims may be barred as subject to *res judicata* if they are based on the same nucleus of facts and such claims could have been raised in the earlier action." *Normandeau*, 516 F. Supp. 2d at 1069.

A simple comparison between the FAC and the Previous Lawsuit demonstrates that *res judicata* bars Plaintiffs' claims. Attached as **Exhibit G** is a true and actual copy of the complaint in the Previous Lawsuit ("the Previous Complaint"). First, the FAC and the Previous Complaint both spawn from the same transactional nucleus of facts (the loan transaction and subsequent nonjudicial foreclosure activity). Further, both advance the same "show me the note" and "faux beneficiary" claims to attack the nonjudicial foreclosure. *See Dunn v. Lehman Bros. Bank, F.S.B.*, 10-CV-05133-RBL, 2010 WL 2160912 at *2 (W.D. Wash. May 27, 2010) (dismissing, based on *res judicata*, claims alleging failure to produce original note precluded foreclosure, which were dismissed on Rule 12 motion in prior state court action). Second, the court in the Previous Lawsuit entered a final judgment on the merits by dismissing the Previous Complaint under Rule 12(b)(6). *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (holding that dismissal for failure to state a claim under Rule 12(b)(6) is a judgment on the merits to which *res judicata* applies).

Third, the Previous Lawsuit involved identical parties or privies. "'Privity'—for the purposes of applying the doctrine of *res judicata*—is a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Southwest Airlines Co. v. Texas International Airlines, Inc.*, 546 F.2d 84, 94 (5th Cir.)).

HSBC, MERS, and Bosco ("the Original Defendants") were parties to the Previous Lawsuit and are parties to the FAC. FAC. at ¶¶ 2, 3, 5. T&B, Fannie Mae, and Lender Processing Services ("LPS") are clearly privies to the Original Defendants. T&B

-15-

is Bosco's law firm. FAC. at ¶ 5. Fannie Mae was, according to Plaintiff, the "investor" for the Note that was the subject of the Previous Lawsuit. FAC at ¶ 12-14. Plaintiff alleges that LPS is a "foreclosure processor that fabricates documents to facilitate [the] foreclosure process." FAC at ¶ 6. While this accusation is dubious, it establishes privity because it makes LPS a participant in the nonjudicial foreclosure that Plaintiffs have sought to void in both actions.

The three *Mpoyo* elements are present and *res judicata* bars Plaintiffs' claims.

### D. Plaintiffs' claims fail substantively as well.

Notwithstanding Plaintiffs' lack of standing, federal pleading standards, § 33-807(E), and *res judicata*, Plaintiffs' claims fail substantively as well. Counts One fails because it is premised on the "faux beneficiary" theory that is refuted above. Count Two fails because the tort of wrongful foreclosure, even if it exists in Arizona, requires the absence of default by the borrower. *Contreras v. U.S. Bank as Tr. for CSMC Mortg. Backed Pass-through Certificates, Series 2006-5*, CV09-0137-PHX-NVW, 2009 WL 4827016 *6 (D. Ariz. Dec. 15, 2009). Plaintiffs do not, nor can they, claim that they did not default on the Loan.

Count Three fails because it is simply another variety of Plaintiffs' "show me the note" argument. Neither the Bosco Defendants nor any other defendants are required to prove retroactively their "standing" to conduct the nonjudicial foreclosure. *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, 09-MDL-02119-JAT, 2011 WL 251453 at *5 (D. Ariz. Jan. 25, 2011) (internal quotes and citations omitted).

Count Four fails because, as discussed above, it is a derivative claim. As a derivative claim, it fails with Plaintiffs' substantive claims. *See* Note 6, *supra*.

//
//
//

## IV. REQUEST FOR COSTS AND ATTORNEY'S FEES JOINTLY AND SEVERALLY AGAINST PLAINTIFFS AND THEIR COUNSEL, DOUGLAS C. RHOADS.

Arizona Revised Statute § 33-807(E) states that a trustee improperly joined as a defendant is "entitled" to recover costs and attorneys' fees. Plaintiff has sued the Bosco Defendants in their capacity as trustee. Under § 33-807(E), this Court must award the Bosco Defendants their costs and reasonable attorneys' fees. This award is mandatory and not discretionary. *See Dumont*, 2010 WL 3023885 at * 3.

This Court should award the Bosco Defendants their costs and attorney's fees jointly and severally against Plaintiffs *and their counsel*, Douglas C. Rhoads. A court "*shall* assess reasonable attorney fees [and] expenses . . . against an attorney or party . . . if the attorney or party . . . [b]rings or defends a claim without substantial justification [or] [u]nreasonably expands or delays the proceeding." Ariz. Rev. Stat. § 12-349(A)(1), (A)(3). The award of costs and attorney's fees under § 12-349 is mandatory if the court finds that the adverse party violated any of the statute's provisions. *Id. See also Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 571, 694 P.2d 1181, 1185 (1985) (holding that use of the word "shall" in statute authorizing attorney fees means that attorney fees are "mandatory" as opposed to "discretionary"). A court must state its reason(s) for granting costs and attorney's fees under § 12-349. Ariz. Rev. Stat. § 12-350.

Arizona Revised Statute § 12-350 contains a non-exhaustive list of factors a court may consider when weighing whether to grant costs and attorney fees under § 12-349. These factors overwhelmingly favor the Bosco Defendants. Mr. Rhoads willfully laced the Complaint in this proceeding with the "show me the note" argument, despite Mr. Rhoads' acute awareness of its invalidity. In the Previous Lawsuit, District Court Judge Mary H. Murguia admonished that any future invocations by Mr. Rhoads of the "show me the note" argument without proper Arizona authority "will result in sanctions" against

Mr. Rhoads personally. *Dumont, supra*, 2010 WL 3023885 at *3 n.2. More recently, Maricopa County Superior Court Judge Edward O. Burke endorsed the State Bar of Arizona on a minute entry order in a case filed by Mr. Rhoads because Mr. Rhoads continues to advanced the "show me the note" without any Arizona authority. *See Levi v. U.S. Bank Home Mortgage, et al.*, CV2011-003595, February 16, 2011 Minute Entry, attached as **Exhibit H**. In bringing yet another "show me the note" action against Bosco, Mr. Rhoads has defied Judge Murguia's admonition, willfully ignored § 33-807(E), and flouted the principles of standing and *res judicata*.

Further, Mr. Rhoads unreasonably expanded and delayed this proceeding by drafting and filing the FAC. As previously noted by HSBC, *see* Doc. # 28, there is no substantive difference between the FAC and the original Complaint. In drafting the FAC, Mr. Rhoads simply rearranged the paragraphs in the Complaint and sprinkled it with a few additional allegations—none of which cured the defects in the original Complaint. The FAC is a thinly (and poorly) veiled delay tactic designed to buy Plaintiffs additional time to respond to Defendants' motions to dismiss.

Plaintiffs and Mr. Rhoads brought the original Complaint and FAC without substantial justification. The FAC itself has unreasonably expanded and delayed this proceeding. This is sanction-worthy conduct under § 12-349(A)(1) and (A)(3). Accordingly, any award of costs and attorney's must be against Plaintiffs and Mr. Rhoads jointly and severally.

//
//
//
//
//
//

1     RESPECTFULLY SUBMITTED this 8th day of April, 2011.

2                                 By: /s/ William M. Fischbach III
                                      Leonard J. McDonald, Jr.
                                      William M. Fischbach III
                                      Third Floor Camelback Esplanade II
                                      2525 East Camelback Road
                                      Phoenix, Arizona 85016-4237
                                      ***Attorneys for Defendants Michael A. Bosco, Jr. and Tiffany & Bosco, P.A.***

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of April, 2011, I electronically transmitted the foregoing document and any attachments to the U.S. Bankruptcy Court Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Douglas C. Rhoads
RHOADS & ASSOCIATES, PLC
3844 North 32nd St. Suite 1
Phoenix, AZ 85018
*Attorneys for Plaintiffs*

By: /s/ Gail Hardin
    Gail Hardin